UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

ROBERT F. ADICK,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., A Bermuda
Company d/b/a Norwegian Cruise Line,

    Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

The Plaintiff, ROBERT F. ADICK, hereby sues the Defendant, and files this Complaint, and alleges:

### **THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and

access to the Spinnaker Lounge. The cruise line provides and offers to the public the Spinnaker Lounge which has terraced seating around a wooden dance floor.

13. The passenger in this case entered the Spinnaker Lounge at the top of the terraced area and then descended a series of ramps and steps to the lower seating areas. The inclination of the ramp near where the plaintiff fell exceeded safe standards. Further, the step at the bottom of the ramp was camouflaged by the fact that the ramp was so steep, by the fact that the step and the ramp were carpeted with the same carpet, by the lack of sufficient lighting, and by the lack of demarcation and other notice that there is a step at the bottom of the ramp. Further, there was a step at the bottom of the ramp instead of a horizontal, flat landing. This combination of the steep ramp and step instead of a flat landing at the end of the ramp was so dangerous that on August 6, 2013, two people tripped at the bottom of the ramp. First, NCL passenger Adick descended the subject ramp and fell forward. Second, the ship's nurse when she came to attend to the injured passenger Adick herself tripped and fell almost at the exact same location.

14. The cruise line, according to admissions of cruise line personnel onboard the ship after the accident, had notice that the ramp and step area which caused this accident was dangerous and that the ramp and step have caused many accidents before this accident.

15. The Plaintiff, NCL passenger Adick, as a result of this fall suffered severe, permanent, and debilitating injuries.

## COUNT I

### NEGLIGENCE

16. The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 15, above.

4

17. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Carnival*, 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997).

18. The Defendant breached those duties and was negligent by:

   a. Failing to provide a safe area to walk including a safe method to descend from the top level to the bottom level of the Spinnaker Lounge;

   b. Failing to warn the end of the ramp and the step;

   c. Failing to provide sufficient and reasonable lighting of the ramp and step area;

   d. Failing to provide a ramp with a proper and safe inclination;

5

e. Failing to provide a horizontal, flat landing at the end of a ramp;

f. Failing to demarcate in some way the end or the fact that the ramp ends with a step edging on the step, a different type of carpet on the step, lighting, and/or signage;

g. Failing to extend the ramp all the way to the end of the seating;

h. Installing carpet or other flooring which does not demarcate the step which is at the end of the ramp;

i. Providing an optical illusion that the flooring is all one level when in fact it is different levels and the ramp ends with a step;

j. Failing to install tape, tack strip, different color carpet, or other markings indicating that a ramp ends with a step, that the ramp is of a dangerous inclination, or that the step is at a dangerous height;

k. Designing, choosing, failing to alter and failing to reject in the design and construction process and afterwards a stair and ramp configuration which is dangerous;

l. Providing a ramp and stair combination which is otherwise dangerous for people to descend into the lounge;

m. Failing to properly and reasonably monitor and control the activities of people in an area especially an area where Defendant knows is an area of high traffic and continuous problems;

n. Failing to properly and reasonably post warning notices in the area;

o. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

p. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

q. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

r. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and

s. Failure to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of

6

proof to the Defendant in the proof of negligence or proof of the absence of negligence.

19. The Defendant either: (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

20. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

21. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of the negligent condition; and/or (b) engaged in and was guilty of negligent methods of operations.

22. As a result of the Defendant's negligence, the Plaintiff has suffered permanent economic and non-economic damages including bodily injury, pain, suffering, mental anguish, loss of enjoyment of life, physical impairment and disability, inconvenience, scarring, disfigurement on a permanent basis, loss of income in the past, loss of the capacity to earn income in the future, and medical and household and other expenses. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

Wherefore, the Plaintiff, Robert F. Adick demands judgment against the Defendant, NCL (Bahamas) Ltd., A Bermuda Company d/b/a Norwegian Cruise Line, for all non-

economic damages suffered in the past and in the future as a result of the bodily and personal injuries suffered by the Plaintiff, Robert F. Adick, including but not limited to bodily injury, pain, suffering, mental anguish, loss of capacity for the enjoyment of life, physical impairment and disability, inconvenience, scarring and disfigurement on a permanent basis; economic damages suffered in the past and in the future, including but not limited to expense of hospitalization and medical and nursing care and treatment, household expenses, loss of earnings, loss of ability to earn money, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, and interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

HICKEY LAW FIRM, P.A.
Attorney for Plaintiffs
1401 Brickell Avenue
Suite 510
Miami, Florida 33131-3504
(305) 371-8000
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com

By: _____
JOHN H. HICKEY
Florida Bar No.: 305081